J-A27005-25

2025 PA Super 272

| | | |
|---|---|---|
| IN THE INTEREST OF: K.O., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: K.O., MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1663 EDA 2025 |

Appeal from the Order Entered June 4, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001194-2018

BEFORE:  BOWES, J., MURRAY, J., and BECK, J.

OPINION BY BOWES, J.:                          **FILED DECEMBER 9, 2025**

K.O., a minor born in October 2010, appeals from the order adjudicating her dependent and, specifically, directing her to undergo urine drug screens as part of the disposition.[1]  We reverse the challenged portion of the order, but otherwise affirm the adjudication and disposition.

We glean the following from the certified record.  K.O. had been removed from the care of M.M., her adoptive mother ("Mother"), in March of 2025, and placed with a resource family.  The City of Philadelphia Department of Human Services ("DHS") thereafter filed a petition for dependency.  The juvenile court held a dependency hearing on June 4, 2025, wherein K.O. was the sole fact witness.  K.O. testified that her aunt regularly hit her as a form of discipline.  On the day of the inciting incident, K.O. got in trouble at school

---

[1] The juvenile court appointed the Support Center for Child Advocates as counsel and guardian *ad litem* ("GAL") for K.O. in the dependency proceedings.

and was picked up by her aunt, cousin, sister, and Mother. During the subsequent car ride, her aunt stopped the car, got out, and started punching K.O. Mother did not intervene. Her aunt then returned to the vehicle and drove away, leaving K.O. alone in the middle of the street.

On cross-examination, Mother's counsel asked K.O. whether she had smoked marijuana and if she would test negative if subjected to a drug screen that day. The court permitted the questions over GAL's objections. K.O. responded that she does not use marijuana and the result of a drug screen would be negative. There was no evidence offered that K.O. had, in fact, ever used marijuana, or that the problems at school were drug related. Nonetheless, at the conclusion of the hearing, Mother's counsel asked that K.O. be drug tested. *See* N.T. Hearing, 6/4/25, at 43.

When the hearing ended, the court entered an order of adjudication and disposition. First, it adjudicated K.O. dependent because it found that DHS had proved that K.O. was without proper parental care. In doing so, it necessarily found K.O., the only witness, credible. However, the juvenile court then ordered as part of the disposition that K.O. submit to urine drug screens, with the first to be completed immediately after the hearing. The court cited her testimony that she did not use marijuana and explained that it "want[ed] her to do that because this is going to be a big issue with respect to credibility." *Id*. at 44. GAL objected, but the court overruled her objection and K.O. complied with the order by submitting to the first urine screen that day.

This timely appeal followed. Both K.O. and the juvenile court have complied with the mandates of Pa.R.A.P. 1925. In this Court, K.O. presents four questions:

> A. Did the tr[ia]l court err and/or abuse its discretion in issuing an order at an adjudicatory hearing for a child to undergo an invasive and unnecessary urine drug screen where there was no evidence presented at the hearing that would warrant such an order, and in fact, the only evidence on the record indicated that the child had not utilized any substances?
>
> B. Did the trial court err and/or abuse its discretion by ordering the child to undergo an invasive and unnecessary urine drug screen despite no evidence at the hearing of substance abuse or use to establish the compelling state interest needed to justify the intrusion upon her constitutionally protected right to privacy under the 4th Amendment of the United States Constitution and Article I, [§§] 1 and 8 of the Pennsylvania Constitution?
>
> C. Did the trial court err and/or abuse its discretion by issuing an order in contradiction of the best interests of the child where the child was forced to undergo an invasive urine drug screen without any evidence of substance abuse or use?
>
> D. Did the trial court err and/or abuse its discretion by ordering an invasive and unnecessary drug screen for child based on testimony that was not relevant and accordingly inadmissible under the Pennsylvania Rules of Evidence?

K.O.'s brief at 5-6 (cleaned up).[2]

Our review of dependency cases compels us "to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of

_____

[2] By letter, Mother joins the brief filed by DHS in support of affirmance.

discretion." **Int. of A.J.**, ___ A.3d ___, 2025 WL 2717143, at *4 (Pa.Super. 2025) (cleaned up).  Further, it is well-settled that "the utmost concern is for the children's welfare and therefore nothing short of a comprehensive and searching inquiry, by the juvenile court, into the facts mandated by decisions of this Court will be acceptable." **Id**. (cleaned up).

Relevantly, "[a] dependency hearing is a two-stage process governed by the Juvenile Act.  The first stage requires the court to hear evidence on the dependency petition and to determine whether the child is dependent.  **See** 42 Pa.C.S. § 6341(a)." **Int. of S.D.**, 334 A.3d 919, 925 (Pa.Super. 2025) (cleaned up).  DHS must prove a child dependent "by clear and convincing evidence, *i.e.*, testimony that is so clear, direct, weighty, and convincing as to enable the trier of facts to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue." **Id**. at 926 (cleaned up).  Once the court enters an adjudication of dependency, "it proceeds to the second stage . . . , which requires an appropriate disposition based on the best interest of the child pursuant to [§] 6351 (a) and (b)."[3] **Id**. (cleaned up).

Turning to the questions before us, the first three challenge the court's order that K.O. submit to urine drug screens.  The juvenile court contends that K.O.'s first issue is moot because the drug screen has already been completed.  **See** Juvenile Court Opinion, 7/31/25, at 2-3.  We disagree as, by

---

[3] These subsections dictate the permissible forms of placement and the required findings before a child may be removed from the home, respectively. Neither is pertinent to the questions before this Court on appeal.

its very nature, the order contemplated multiple screens and therefore is not mooted by K.O.'s compliance with the court's order as to the first test.

The court next rejects K.O.'s constitutional challenges because it avers that the screen was necessary to "verify the child's statement [that she was not using drugs] and establish witness credibility[.]" *Id*. at 4. It further opines that "K.O. is a minor whose credibility must be established to achieve a just outcome in her case. Thus, th[e] court considered it in K.O.'s best interests when it ordered a drug screen to fortify her credibility." *Id*.

DHS, meanwhile, argues that the juvenile court properly exercised its discretion pursuant to Pa.R.J.C.P. 1409(c)(3), which provides in pertinent part: "The court shall include the following in its court order: . . . (3) Any orders as to any aids in disposition that may assist in the preparation of the dispositional hearing, including orders regarding family finding." The comment to this Rule clarifies:

> Under subdivision (c)(3), aids in disposition may include, but are not limited to, any services, investigations, evaluations, studies, treatment plans, and any other appropriate reports that may aid the court in making its determination at the dispositional hearing. *See* 42 Pa.C.S. § 6339 for orders of a social study or physical and mental examinations and treatment.

Pa.R.J.C.P. 1409, *Comment*.

Critically, Rule 1409 does not apply in this case because the juvenile court held a single hearing, at the conclusion of which it entered a joint "order of adjudication and disposition[.]" Order, 6/4/25, at 1 (capitalization omitted). In other words, it did not bifurcate the adjudicatory and

dispositional proceedings, such that it could have ordered evidence-supported drug testing pursuant to Rule 1409, to aid in a future disposition. Thus, any purported order to "assist in the preparation of the dispositional hearing" was negated by the fact that the court immediately entered a disposition as part of its order adjudicating K.O. dependent. The drug screens were not an aid to, but part and parcel of, the disposition. Accordingly, the procedural posture of this case renders Rule 1409 incapable of supporting the drug screens.

Rather, because the drug screens were part of the disposition order, we are guided by Juvenile Court Rules 1512 and 1515, which relevantly state, respectively, as follows:

> **D. Court's findings.** The court shall enter its findings and conclusions of law into the record and enter an order pursuant to Rule 1515.
>
> (1) On the record in open court, the court shall state:
>
> (a) its disposition;
>
> (b) the reasons for its disposition;
>
> (c) the terms, conditions, and limitations of the disposition;
>
> (d) the name of any person or the name, type, category, or class of agency, licensed organization, or institution that shall provide care, shelter, and supervision of the child;
>
> (e) whether any evaluations, tests, counseling, or treatments are necessary;
>
> (f) the permanency plan for the child;
>
> (g) the services necessary to achieve the permanency plan;

(h) whether the county agency has reasonably satisfied the requirement of Rule 1149 regarding family finding, and if not, the findings and conclusions of the court on why the requirements have not been met by the county agency;

(i) any findings necessary to ensure the stability and appropriateness of the child's education, and when appropriate, the court shall appoint an educational decision maker pursuant to Rule 1147;

(j) any findings necessary to identify, monitor, and address the child's needs concerning health care and disability, if any, and if parental consent cannot be obtained, authorize evaluations and treatment needed; and

(k) a visitation schedule, including any limitations.

Pa.R.J.C.P. 1512(D).

**A. Generally.** When the court enters a disposition, the court shall issue a written order, which provides that the disposition is best suited to the safety, protection, and physical, mental, and moral welfare of the child. The order shall include:

(1) any findings pursuant to Rules 1512(D) and 1514;[4]

(2) the date of the order; and

(3) the signature and printed name of the judge entering the order.

Pa.R.J.C.P. 1515(A).

Our review of the record reveals that immediately after adjudicating K.O. dependent, the court ordered as part of the disposition that Mother and K.O. engage in therapy pursuant to Rule 1512(D)(1)(e). As for the drug screens, the court explained its ruling on the record thusly:

_____

[4] Rule 1514 governs the findings needed before removing a child from the home.

> [K.O.] is to go to CEU for a forthwith drug screen. [K.O.] testified she has not utilized substances. She sat here and testified. No, I want her to do that because this is going to be a big issue with respect to credibility. I'm going to be able to determine whether she was telling the truth on the stand today. She is to go to upstairs for a forthwith drug screen.

N.T. Hearing, 6/4/25, at 44.

It is plain from the record that unlike therapy, the juvenile court did not deem the drug screens necessary. Instead, it ordered the drug testing to assess K.O.'s credibility, notwithstanding that the court had just adjudicated her dependent based upon finding her testimony regarding the actions of her aunt and Mother credible. Moreover, we find any contention in its Rule 1925(a) opinion that the court ordered the screens in furtherance of K.O.'s best interests to be belied by the record as the court made it abundantly clear at the hearing that it was only concerned with whether K.O. was telling the truth about not using drugs.

We are sympathetic to the ubiquitous role that drug abuse may play in contributing to the dysfunction of families involved in juvenile court, and the good intentions of the court in attempting to fashion dispositions in pursuit of the best interests of the children impacted thereby. However, to require drug screening of dependent children as part of an order of disposition, the court must determine that the testing is necessary pursuant to Rule 1512(D), "best suited to the safety, protection, and physical, mental, and moral welfare of the child[,]" and is supported by the facts and circumstances of the case. ***See*** Pa.R.J.C.P. 1515(A).

Here, there was absolutely no evidence of K.O.'s drug use adduced at the dependency hearing. As succinctly stated by K.O.'s counsel at oral argument, questions by counsel are not evidence, and the only testimony proffered was a denial of any drug use. In light of the record before us, we are compelled to conclude that the juvenile court abused its discretion by ordering K.O. to undergo urine drug screens as part of the dependency disposition where it was solely based on a desire to test her credibility about not using drugs despite no evidence to the contrary.[5]

Based on the foregoing, we reverse the portion of the dispositional order compelling K.O. to submit to urine drug screens, but affirm in all other respects.

Order reversed in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2025

---

[5] In light of our disposition and "the sound tenet of jurisprudence that courts should avoid constitutional issues when the issue at hand may be decided upon other grounds[,]" we do not consider whether the screens also violated K.O.'s constitutional rights. *See Commonwealth v. Herman*, 161 A.3d 194, 209 (Pa. 2017) (cleaned up). Likewise, we do not reach K.O.'s final issue regarding Mother's cross-examination of K.O. because we have already granted the relief requested.